Nathan Brown (SBN 033482)
15100 N 78th Way Suite 203
BROWN PATENT LAW
Scottsdale, AZ 85260
Phone: 602-529-3474
Email: Nathan.Brown@BrownPatentLaw.com

[Additional counsel appearing on signature block]

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Tracy Kajiwara**, individually on behalf of all others similarly situated, | NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY DEMAND** |
| **Sensible Housing Solutions, LLC**, an Arizona limited liability company, and **True Freedom Achievers LLC**, an Arizona limited liability company, | |
| Defendants. | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Tracy Kajiwara ("Plaintiff Kajiwara" or "Kajiwara") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sensible Housing Solutions, LLC ("Defendant Sensible Offer" or "Sensible Offer") and Defendant True Freedom Achievers, LLC ("Defendant Freedom Achievers" or "Freedom Achievers") to stop the Defendants from directing their agents to violate the Telephone Consumer Protection Act ("TCPA"). Specifically, the agents working for Sensible Offer and Freedom Achievers place unsolicited pre-recorded calls and send unsolicited text messages to consumers without their consent. These calls and texts are often sent to consumers who have registered their numbers on the national Do Not Call registry ("DNC") in violation of the TCPA. In addition, these calls and texts are sent without the proper written consent of the consumer. As a result, Plaintiff seeks to

1

obtain injunctive and monetary relief for all persons injured by Defendants' telemarketing scheme. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.     Plaintiff Tracy Kajiwara is a resident of Queen Creek, Arizona.

2.     Defendant Sensible Offer is an Arizona limited liability company headquartered at 1011 S McClintock Dr, Tempe, Arizona, 85281. Sensible Offer conducts business throughout this District and other parts of the US.

3.     Defendant Freedom Achievers is an Arizona limited liability company headquartered at 1011 S McClintock Dr, Tempe, Arizona, 85281. Freedom Achievers conducts business throughout this District and other parts of the US.

## JURISDICTION AND VENUE

4.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5.     This Court has personal jurisdiction over the Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants share a headquarters in this District and because the wrongful conduct giving rise to this case was directed from and/or occurred in this District. Additionally, Plaintiff also resides in this District.

## COMMON ALLEGATIONS

6.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 20. By 2003, due to more

powerful technology, telemarketers were calling 104 million Americans every day,. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

7.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

8.      Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

9.      According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last 6:19-cv-02008-BHH Date Filed 07/18/19 Entry Number 1 Page 4 of 10 5 visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. See id.

10.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11.     In recent years a troubling trend has surfaced in the real estate industry where real estate agents are cold calling consumers soliciting their services without their consent and in violation of the DNC.

12.     This trend has resulted in consumers being bombarded by unsolicited real estate solicitation calls without their consent and in violation of the TCPA.

**SENSIBLE OFFER AND FREEDOM ACHIEVERS**

13.     Sensible Offer is a real estate investment company that provides cash offers to property owners at a below market price in order to flip the property – i.e. sell the property to a buyer for a higher price.[1]

14.     Sensible Housing Solutions, LLC operates using the d/b/a Sensible Offer.[2]

15.     Freedom Achievers is a wholesale real estate company that fixes and then flips properties, and sells investment properties.[3]

16.     Both Sensible Offer and Freedom Achievers are co-owned by Mike Lima and Tim Nguyen:



*Figure 1: Screenshot from True Freedom Achievers Website https://truefreedomachievers.com/about/*

[4]

> **Commented [SC1]:** can't see the top image url of sensible offers

---

[1] https://www.sensibleoffer.com/about-us
[2] https://ecorp.azcc.gov/CommonHelper/GetFilingDocuments?barcode=18100114423337
[3] https://truefreedomachievers.com/about/
[4] *Id.*

4



sensibleoffer.com/team

Mike Lima

Co-Founder

Tim Nguyen

Co-Founder

*Figure 2: Screenshot from SensibleOffer.com Team page*

5

17.    In order to market Sensible Offer, the property-buying side of their business, Lima and Nguyen place calls and send text messages to consumers to generate leads.

18.    Sensible Offer places pre-rerecorded calls to consumers and sends out text messages without obtaining the necessary prior written consent.

19.    In addition, Sensible Offer places solicitation calls and sends solicitation text messages to consumers that have their phone numbers registered on the DNC.

20.    Freedom Achievers uses Sensible Offer to procure the properties that it will ultimately buy and sell and ratifies and enjoys the benefits of Sensible Offer's mass texting and solicitation calls.

21.    In Plaintiff's case, she received at least 10 pre-recorded phone calls and received at least 2 text messages from Defendant Sensible Offer, ultimately on behalf of Freedom

---

[5] https://www.sensibleoffer.com/team

Achievers, despite the fact that Plaintiff informed Defendant Sensible Offer that it was contacting the wrong person and after asking for the text messages to stop.

22.     As will be shown, Plaintiff informed Tim Nguyen, the co-owner of both Sensible Offer and Freedom Achievers himself that he had contacted the wrong consumer, but despite this fact, Sensible Offer continued to solicit business from Plaintiff using calls and text messages, including pre-rerecorded voice messages to Plaintiff's cell phone.

### SENSIBLE OFFER AND FREEDOM ACHIEVERS ARE OWNED AND STAFFED BY THE SAME PEOPLE

23.     Mike Lima and Tim Nguyen are the co-owners of both Sensible Offer and Freedom Achievers.

24.     Emilio Lopez, the agent responsible for placing pre-recorded calls and text messages to Plaintiff listed as being an employee for both Freedom Achievers and Sensible Offer:



*Figure 3: Screenshot of Emilio Lopez from ps://truefreedomachievers.com/about/*

6

---

[6] https://truefreedomachievers.com/about/



**SensibleOffer.com**

Emilio Lopez

Acquisitions

*Figure 4: Screenshot of Emilio Lopez from https://www.sensibleoffer.com/team*

[7]

25.     The website domain SensibleOffer.com was registered by True Freedom

Achievers LLC:

_____

[7] https://www.sensibleoffer.com/team

7



*Figure 5: https://domainbigdata.com/sensibleoffer.com*

[8]

26.     On November 10, 2017, Freedom Achievers hosted the launch party for

Sensible Offer:

---

[8] https://domainbigdata.com/sensibleoffer.com



**SENSIBLE OFFER ENGAGES IN TELEMARKETING ON BEHALF OF FREEDOM ACHIEVERS**

27. Sensible Offer advertises its services for purchasing properties.

28. The Maricopa County Recorder website confirms that Sensible Offer does purchase properties from consumers.[9]

29. The Maricopa County Recorder website also shows that there are times when a property is purchased under the name of both Sensible Offer and Freedom Achievers:

    i) On January 20, 2019, Grove Hill Corporation sold a property to Sensible Offer LLC.[10] The Memorandum for Sale and Purchase of Real Estate shows that the purchase was made by Tim Nguyen, co-owner of both Sensible Offer and

---

[9] https://recorder.maricopa.gov/recdocdata/GetRecDataPaging.aspx?biz1=Sensible+Housing+Solutions&biz2=&fn1=&mn1=&ln1=&fn2=&mn2=&ln2=&begdt=1/1/1947&enddt=12/4/2019&doc1=&doc2=&doc3=&doc4=&doc5=
[10] https://recorder.maricopa.gov/recdocdata/GetRecDataDetail.aspx?rec=20190163378

Freedom Achievers. Nguyen signs the document as both a member of Sensible Offer and also as a member of Freedom Achievers, placing the property in the ownership of both corporate entities – i.e. Sensible Offer and Freedom Achievers:



ii)     On July 30, 2019, Freedom Achievers purchased a property using Sensible Offer as a d/b/a from Khaksari, Inc.:

---

[11] https://recorder.maricopa.gov/UnOfficialDocs/pdf/20190163378.pdf

## Memorandum for Sale and Purchase of Real Estate

Notice is hereby given of the contract "Residential Resale Real Estate Purchase Contract", Between **True Freedom Achievers, LLC DBA Sensible Offer** an Arizona limited liability company and Khaksari, Inc., for the sale and transfer of real property described below.

The following real property situated in Maricopa County, **ARIZONA**:

Commonly Known as: **280 S. Oregon St., Chandler, AZ 85225**   **APN: 303-09-127**

**Lot 930, in Block I, a Subdivision of a part of THE TOWNSITE OF CHANDLER, Arizona, according to the Plat of Record in the Office of the County Recorder of Maricopa County, Arizona, in Book 9 of Maps, Page 2, of Official Records.**
Date of the RESIDENTIAL RESALE REAL ESTATE PURCHASE CONTRACT:  **July 30, 2019**

Escrow for this transaction is at: **Driggs Title Agency, 8787 E. Pinnacle Peak Rd. #140, Scottsdale, AZ 85255, Stephanie Hansen, Escrow Officer, Phone 480-305-0880, Email: stephanieh@driggstitle.com**

State of Arizona
County of Maricopa

This instrument was acknowledged before me this day of

True Freedom Achievers, LLC dba Sensible Offer
An Arizona limited liability company

By:  Tim Nguyen                                                                    12

30.     In addition, the Maricopa County Recorder website shows that there are times when a property is sold to a consumer from both Sensible Offer and Freedom Achievers.

31.     For example, on July 10, 2019, Renewed Life Property Solutions, LLC purchased a property from both Sensible Offer and Freedom Achievers:

---

[12] https://recorder.maricopa.gov/UnOfficialDocs/pdf/20190611525.pdf

**WARRANTY DEED**

For the consideration of Ten Dollars, and other valuable consideration, I or we,
Sensible Offer, LLC, an Arizona limited liability company do/does hereby convey to

Renewed Life Property Solutions, LLC, a Nevada limited liability company
the following real property situated in Maricopa County, Arizona:

      Lot 74, SUN CITY UNIT THIRTY-TWO, according to Book 140 of Maps, Page 37, records of
      Maricopa County, Arizona.

SUBJECT TO: Current taxes and other assessments, reservations in patents and all easements, rights of
way, encumbrances, liens, covenants, conditions, restrictions, obligations and liabilities as may appear
of record.

The Grantor warrants the title against all persons whomsoever.

DATED: July 9, 2019

Sensible Offer, LLC, an Arizona limited liability
company

Freedom Achievers, LLC, an Arizona limited
liability company, Member

_____
Mike Lima, Manager                            13

      32.     The Maricopa County Recorder website also shows that there are times when a

property is purchased by Sensible Offer, but then Sensible Offer transfers the ownership of the

property to Freedom Achievers presumably so that Freedom Achievers can sell it.

      33.     For example, on September 3, 2019, Sensible Offer transferred the ownership of

a property to Freedom Achievers:

---

[13] https://recorder.maricopa.gov/UnOfficialDocs/pdf/20190529531.pdf

*¹/₃*

**Warranty Deed**

For the consideration of Ten Dollars, and other valuable considerations, I or we,

Sensible Offer, LLC, an Arizona limited liability company,

as GRANTOR(s)

do/does hereby convey to

True Freedom Achievers, LLC, an Arizona limited liability company,

as GRANTEE(s)

the following real property situated in Maricopa County, Arizona:          [14]

34.     From the above examples it is clear that Freedom Achievers benefits directly from property purchases that are made by or in conjunction with Sensible Offer.

35.     When Sensible Offer employs telemarketing in order to locate new properties to purchase, it is doing so to benefit Freedom Achievers.

36.     Upon information and belief, properties are being marketed by Sensible Offer, but actually purchased by True Freedom Achievers.

37.     According to the Maricopa County Assessor's Office, Sensible Offer does not own any properties as of December 4, 2019.[15]

38.     The Maricopa County Assessor's Office does show that Freedom Achievers owns 24 properties as of December 4, 2019.[16]

39.     Freedom Achievers established Sensible Offer as its buying division so that unlawful telemarketing calls could be made under the Sensible Offer name, distancing Freedom Achievers from liability for the calls.

---

[14] https://recorder.maricopa.gov/UnOfficialDocs/pdf/20190697651.pdf
[15] https://mcassessor.maricopa.gov/
[16] *Id.*

13

40.     Freedom Achievers benefits financially from the unlawful telemarketing activities Sensible Offer engages in.

41.     Freedom Achievers is fully aware and even involved directly in the unlawful telemarketing that is done through Sensible Offer.

**TCPA LEGALITY OF UNSOLICITED CALLS CALLS**

42.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

43.     Yet in violation of this rule, Sensible Offer fails to obtain any express written consent prior to placing pre-rerecorded and sending text messages to cellular telephone numbers such as those of Plaintiff whose numbers are registered on the DNC.

**PLAINTIFF KAJIWARA'S ALLEGATIONS**

**At Freedom Achievers' Direction, Sensible Offer Agents Repeatedly Texted Plaintiff Kajiwara's Cell Phone Number Without Her Consent, and Placed Pre-Recorded Calls to Her Cell Phone, Despite Her Number Being Listed on the DNC**

44.     Plaintiff Kajiwara registered her cell phone number on the DNC in order to avoid receiving unsolicited calls and text messages on April 25, 2018.

45.     Kajiwara uses her cell phone for personal use only. It is not associated with a business.

46.     On October 10, 2019 at 1:59 PM, Plaintiff Kajiwara received a text message from Sensible Offer using phone number 602-609-6634 stating, "Hi, my name is Tim. I'm looking to buy properties in your area. Have you thought about selling?"

47.     The text message that Kajiwara received was sent from Tim. Upon information and belief, Tim is Tim Nguyen, co-owner of both Sensible Offer and Freedom Achievers. There is only one Tim working for either company, as per staff listings on the respective company websites.

48.     Plaintiff Kajiwara replied to the text message she received from Tim and questioned how Tim got her contact information. Kajiwara also told Tim that his text message was illegal.

49.     Tim responded to Kajiwara on October 10, 2019 at 2:13 PM stating, "It is not illegal, I use a service that helps me match public property records with owner contact info for houses I'm interested in."

50.     When Plaintiff made it clear that Tim had the wrong information, Tim continued to solicit the services of Sensible Offer until Kajiwara made it clear that she wasn't interested and asked for the texts to stop.

51.     Displayed here are screenshots depicting the text message conversation Plaintiff Kajiwara had with Tim:



52.     Despite making it clear she was not interested, on October 11, 2019 at 10:17
AM, Kajiwara received a phone call from Sensible Offer on her cell phone using phone number
602-661-2538. Kajiwara did not answer this call. 2 minutes later, she received a pre-recorded
voicemail on her cell phone from Sensible Offer using phone number 602-661-2542 on
October 11, 2019 at 10:19 AM stating:

"Hello, my name is Emilio. I'm a local investor. Just calling to see if you are interested
in selling your property, or just hearing an offer on it. No obligations here. I can pay
cash for the property, or use other creative options. Whatever is the best fit for you.

Again, this is Emilio giving you a call. So sorry that I missed you. My callback number is 602-600-6043. 602-600-6032. Bye."

53.     This pre-recorded voicemail was then followed-up by another phone call 1 minute later from Sensible Offer to Kajiwara's cell phone, again using phone number 602-661-2538 on October 11, 2019 at 10:20 AM. This call was not answered.

54.     Frustrated by the calls, since she made it clear that she wanted the communications to stop, Kajiwara called 602-600-6043. An unidentified voicemail thanks the caller for calling and then says to press '1' to speak to a team member. Kajiwara pressed '1' which led to an answering service that identified the company as being Sensible Offer.

55.     There is only one Emilio working for Sensible Offer and Freedom Achievers, as was shown above:



56.     Kajiwara received a second pre-recorded voicemail on her cell phone from Sensible Offer, this time using phone number 602-661-2586 on October 12, 2019 at 4:46 PM stating:

---

[17] https://truefreedomachievers.com/about/
[18] https://www.sensibleoffer.com/team

"Hey, hello there, this is Emilio. I'm a local investor and I'm just calling to see if you are interested in selling your property, or just hearing an offer on it with no obligations whatsoever. You know, I can pay cash for the property, or use other creative options. You know, whatever is the best fit for you. And, you know, I look forward to speaking to you. So sorry that I missed you. My callback number is 602-353-7084. 602-353-7084. Thank you very much. Bye."

57.     On October 12, 2019 at 4:47 PM, Plaintiff Kajiwara received another phone call from Sensible Offer to her cell phone using phone number 602-661-2650. This call was not answered.

58.     On October 21, 2019 at 11:23 AM, Kajiwara received another text message from Sensible Offer, this time from Emilio using phone number 623-418-5968:



59.     Although the text message correctly identifies Plaintiff's first name, the address Emilio references is not owned or related to Plaintiff Kajiwara.

60.     In the conversation between Plaintiff Kajiwara and Tim that was displayed above, Tim states that, "… the service I use gave me this number with the name John."

61.     The previous owner of Plaintiff's cell phone number has the first name John.[19] The address associated with "John" on Whitepages Premium is 34919 W South Mountain Ave, Tonopah, AZ 85354, which matches the address associated with Plaintiff in the text message Plaintiff received from Emilio on October 21, 2019.

62.     623-418-5968, the number Emilio texted Plaintiff Kajiwara from is registered to Carol Lopez.[20]

63.     It is believed that Carol Lopez is related to Emilio Lopez.

64.     According to Whitepages Premium, Emilio Lopez lived in the same residence as Carol Lopez.[21]

65.     On October 22, 2019 at 11:44 AM, Kajiwara received a third pre-recorded call from Emilio at Sensible Offer using phone number 602-661-2650 on her cell phone using the exact same message he had left previously:

> "Hey, hello there, this is Emilio. I'm a local investor and I'm just calling to see if you are interested in selling your property, or just hearing an offer on it with no obligations whatsoever. You know, I can pay cash for the property, or use other creative options. You know, whatever is the best fit for you. And, you know, I look forward to speaking to you. So sorry that I missed you. My callback number is 602-353-7084. 602-353-7084. Thank you very much. Bye."

66.     On October 27, 2019 at 9:48 AM, Kajiwara received a second text message to her cell phone, again addressing her as John, this time using phone number 602-661-2538:

---

[19] https://premium.whitepages.com/phone/1-602-859-4192
[20] https://premium.whitepages.com/phone/1-623-418-5968
[21]
https://premium.whitepages.com/results/address/?type=person_address_query&address=3433+N+68Th+Ave+Phoenix+Az+85033-4431



67.     On October 27, 2019 at 10:47 AM, Plaintiff Kajiwara received a pre-recorded

voicemail from Sensible Offer again on her cell phone, this time using phone number 602-661-

2538. The voicemail was left by Emilio.

68.     On October 29, 2019 at 11:07 AM, Plaintiff Kajiwara received a voicemail from

Sensible Offer again on her cell phone using phone number 602-661-2586, which was

previously used by Emilio to leave a pre-recorded message on October 12, 2019:



69.     Additional pre-recorded voicemail messages from Emilio on behalf of Sensible

Offer were left on Plaintiff Kajiwara's cell phone voicemail on:

November 26, 2019 at 1:05 PM using phone number 602-675-8894

December 7, 2019 at 10:39 AM using phone number 602-675-8894

December 7, 2019 at 1:06 PM using phone number 602-661-9261

December 14, 2019 at 2:03 PM using phone number 602-661-9261

December 21, 2019 at 10:42 AM using phone number 602-675-8323

December 21, 2019 at 3:07 PM using phone number 602-661-9261

70.     Most of the pre-recorded voicemails were either preceded by, or followed by a

phone call to Plainitff Kajiwara's cell phone. None of these calls were answered. Calls were

received on:

- October 22, 2019 at 11:07 AM, 11:42 AM and 11:45 AM using phone number 602-
  661-2586

- October 27, 2019 at 9:47 AM using phone number 602-661-2542

- October 29, 2019 at 11:07 AM using phone number 602-661-2586

- November 26, 2019 at 1:03 PM using phone number 602-675-8894 (the same
  number the pre-recorded voicemail was left from)

- November 26, 2019 at 1:06 PM and 1:07 PM using phone number 602-675-8323

- December 7, 2019 at 10:40 AM using phone number 602-675-8323

- December 7, 2019 at 1:04 PM and 1:07 PM using phone number 602-661-9237

- December 14, 2019 at 2:04 PM using phone number 602-661-9237

- December 21, 2019 at 10:43 PM using phone number 602-675-8894

- December 21, 2019 at 3:09 PM using phone number 602-661-9237

71.     Kajiwara does not own a property and was not looking to sell a property.

72.     In total, Plaintiff Kajiwara received at least 10 unsolicited pre-recorded voicemails and multiple calls and texts despite having told Tim, the co-owner of Sensible Offer and co-owner of Freedom Achievers, that she was not interested.

73.     Plaintiff Kajiwara has never provided her cellular phone number, or any phone number to Sensible Offer, Freedom Achievers, or otherwise consented to any Sensible Offer agent placing solicitation telephone calls or sending solicitation text messages to the phone number Kajiwara placed on the DNC.

74.     Plaintiff Kajiwara did not provide her written consent to receive calls, or text messages, or to receive pre-recorded voice messages.

75.     The unauthorized telephone calls and text messages made/sent by Sensible Offer on behalf of Freedom Achievers have harmed Plaintiff Kajiwara in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her cell phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phones.

76.     Seeking redress for these injuries, Plaintiff Kajiwara, on behalf of herself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited calls and text messages to cellular telephones, pre-recorded calls to a consumer, and unsolicited calls/texts to telephone numbers registered on the DNC.

**CLASS ALLEGATIONS**

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims**

22

77.     Plaintiff Kajiwara brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**<u>Prerecorded No Consent Class</u>:** All persons in the United States who from four years prior to the filing of this action (1) either Defendant (or an agent acting on behalf of either Defendant) called (2) using a prerecorded voice message, and (3) for whom either Defendant claims (a) they obtained prior express written consent in the same manner as either Defendant claims they supposedly obtained prior express written consent to call Plaintiff, or (b) they did not obtain prior express written consent.

**<u>Do Not Call Registry Class</u>:** All persons in the United States who from four years prior to the filing of this action (1) Defendants' agents called/texted more than one time, (2) within any 12-month period (3) where the person's residential telephone number had been listed on the DNC for at least thirty days, (4) for a substantially similar reason that Plaintiff was called/texted.

**<u>Internal Do Not Call Registry Class</u>:** All persons in the United States who from four years prior to the filing of this action (1) Defendants' agents called/texted more than one time, (2) within any 12-month period (3) on the person's residential telephone number, (4) for a substantially similar reason that Plaintiff was called/texted.

78.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant Sensible Offer, Defendant Freedom Achievers, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against either Defendant have been fully and finally adjudicated and/or released. Plaintiff Kajiwara anticipates the need to amend the Class definitions following appropriate discovery.

79.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

23

80.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Kajiwara and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    whether Defendants' agents placed pre-recorded phone calls to Plaintiff Kajiwara and the members of the Classes;

(b)    whether Defendants' agents systematically called and sent text messages to Plaintiff Kajiwara, and consumers whose telephone numbers were registered with the National Do Not Call Registry;

(c)    whether Defendants' agents placed pre-recorded calls to Plaintiff Kajiwara and members of the Classes without first obtaining prior express written consent to place the pre-recorded calls;

(d)    whether Defendants' agents sent text messages to Plaintiff Kajiwara and members of the Classes without first obtaining prior express written consent to send the text messages;

(e)    whether Defendants' agents continued to send text messages to Plaintiff Kajiwara and members of the Classes despite being told to stop;

(f)    whether Defendant Sensible Offer and Defendant Freedom Achievers maintain a functional internal do not call list system to ensure that Plaintiff Kajiwara and members of the Classes are able to opt-out of calls/texts when they ask for the calls/texts to stop;

(g)    whether the Defendants are liable under the TCPA for their agents' conduct; and

(h)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

81.    **Adequate Representation**: Plaintiff Kajiwara will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Kajiwara has no interests antagonistic to those of the

Classes, and neither Defendant has defenses unique to the Plaintiff. Plaintiff Kajiwara, and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Kajiwara or her counsel has any interest adverse to the Classes.

82.     **Appropriateness**: This class action is also appropriate for certification because Defendant Sensible Offer and Defendant Freedom Achievers have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Kajiwara and the Prerecorded No Consent Class)

83.     Plaintiff Kajiwara repeats and realleges paragraphs 1 through 82 of this Complaint and incorporates them by reference.

84.     Defendant Sensible Offer and Defendant Freedom Achievers or their agents transmitted unwanted solicitation telephone calls to Plaintiff Kajiwara and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

25

85.     These prerecorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Kajiwara and the other members of the Prerecorded No Consent Class.

86.     Defendant Sensible Offer and Defendant Freedom Achievers have, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendants' conduct, Plaintiff Kajiwara and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

87.     Plaintiff Kajiwara repeats and realleges paragraphs 1 through 82 of this Complaint and incorporates them by reference.

88.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

89.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[22]

90.     Defendant Sensible Offer and Defendant Freedom Achievers violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Kajiwara, and the Do Not Call Registry Class members who

---

[22] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

91.     Defendant Sensible Offer and Defendant Freedom Achievers violated 47 U.S.C. § 227(c)(5) because Plaintiff Kajiwara, and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant Sensible Offer and Defendant Freedom Achievers in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff Kajiwara, and the Do Not Call Registry Class are each entitled to $1,500 in damages for each violation.

<u>**THIRD CLAIM FOR RELIEF**</u>
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Kajiwara and the Internal Do Not Call Class)**

92.     Plaintiff Kajiwara repeats and realleges paragraphs 1 through 82 of this Complaint and incorporates them by reference.

93.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives

27

a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

94.     Defendant Sensible Offer and Defendant Freedom Achievers' agents placed

solicitation calls to Plaintiff Kajiwara and members of the Internal DNC Class without

implementing internal procedures for maintaining a list of persons who request not to be called

by the entity and/or by implementing procedures that do not meet the minimum requirements to

allow Defendant Sensible Offer and Defendant Freedom Achievers to initiate telemarketing

28

calls. 47 C.F.R. 64.1200(d)(1)-(6).

95.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

96.     Defendant Sensible Offer and Defendant Freedom Achievers have, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendants' conduct, Plaintiff Kajiwara and the other members of the Internal Do Not Call Class are each entitled to between $500 and $1,500 per violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kajiwara, individually and on behalf of the Classes, prays for the following relief:

97.     An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Kajiwara as the representative of the Classes; and appointing her attorneys as Class Counsel;

98.     An award of actual and/or statutory damages and costs;

99.     An order declaring that Defendants' actions, as set out above, violate the TCPA;

100.    An injunction requiring Defendant Sensible Offer and Defendant Freedom Achievers to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

101.    Such further and other relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff Kajiwara requests a jury trial.

Respectfully Submitted,

**TRACY KAJIWARA**, individually and on behalf of those similarly situated individuals,

DATED this 21st day of December, 2020.

By: /s/ *Nathan Brown*
Nathan Brown
Telephone: (602) 529-3474
Nathan.Brown@BrownPatentLaw.com
*Local Counsel for Plaintiff and the putative Class*

Rachel E. Kaufman (*pro hac vice forthcoming*)
rachel@kaufmanpa.com
Kaufman P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff Kajiwara and the putative Classes*

30